CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 26 2012

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AUGUSTUS MARSHALL, | ) | CASE NO. 7:12CV00123 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| HOLLOWAY, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Augustus Marshall, an inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he should be released from confinement because the State of Wisconsin, in which he was convicted, lost jurisdiction over him after transferring him to a Virginia prison. Upon review of the record, the court dismisses the petition as without merit.

I

Marshall states that he was convicted of unspecified charges in June 1980 in the Circuit Court for Milwaukee County, Wisconsin, and sentenced to prison. At some point during service of his prison sentence, Wisconsin prison authorities entered into a contract to transfer Marshall to Wallens Ridge State Prison in Virginia, where he is currently confined. Marshall asserts that by transferring him across state borders, Wisconsin authorities voluntarily relinquished jurisdiction over Marshall. Because Marshall is not convicted of committing any crime in Virginia, Marshall asserts that Virginia has no jurisdiction to incarcerate him. Since no state has jurisdiction over him, Marshall asserts that he is confined at Wallens Ridge in violation of the United States Constitution and must be released from custody.

II

Marshall would have to clear numerous procedural hurdles before this court could grant him the relief he requests: release from confinement. Marshall admits that he was not convicted within the territorial jurisdiction of this court and that he did not present his current claims to any state court before filing this federal petition. Marshall also offers no evidence concerning the date of his transfer to Virginia, a critical fact in determining the timeliness of his § 2254 petition. The court concludes, however, that regardless of its procedural defects, Marshall's petition must be summarily dismissed as without merit.

Marshall's assertion that no state has jurisdiction over him lacks merit. See, e.g., Karls v. Hudson, 182 F.3d 932, 1999 WL 314640, *1 (10th Cir. 1999) (rejecting argument that no state had jurisdiction over Wisconsin inmate transferred for incarceration in Oklahoma). Wisconsin law expressly authorizes transfers of Wisconsin inmates to prisons operated by other states.[1] See Wis. Stat. Ann § 301.21(1m)(a). Section 301.21(1m)(a)(6) of that statute requires that any contract regarding such interstate transfers must include a provision retaining Wisconsin's jurisdiction over the inmate. Marshall offers no evidence suggesting that the interstate contract under which Wisconsin authorities transferred him to Wallens Ridge did not include a provision retaining Wisconsin's jurisdiction over him.

---

[1] Wisconsin's statute authorizing interstate transfers has been upheld against numerous constitutional challenges. See, e.g., Healy v. Wisconsin, 65 F. App'x 567, 2003 WL 21054646, *1 (7th Cir. 2003) (citing Pischke v. Litscher, 178 F.3d 497, 500-01 (7th Cir. 1999) (upholding constitutionality of Wis. Stat. Ann § 301.21(2m), authorizing transfer of Wisconsin prisoners to privately run prisons in other states).

On a more basic level, Marshall's petition for release under § 2254 lacks merit because he fails to demonstrate that his confinement in a Virginia prison instead of a Wisconsin prison violates any federally protected right. § 2254 (a) (authorizing court to grant habeas relief to state inmate showing that he is in custody in violation of the Constitution or laws or treaties of the United States). "[A]n interstate prison transfer . . . does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself." Olim v. Wakinekona, 461 U.S. 238, 248 (1983). Moreover, inmates have no federal constitutional right to incarceration in any particular prison. Meachum v. Fano, 427 U.S. 215, 226-27 (1976).

For the reasons stated, the court summarily dismisses Marshall's petition as without merit.[2] The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 23rd day of March, 2012.

/s/ Glen Conrad
Chief United States District Judge

---

[2] Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a §2254 petition where "it plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief in the district court."